UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.

CARL ANTHONY COOPER
RAMIRO TREVINO, JR.

CASE NO.  6:08-cr- *193-ORL-28 GJK*
21 U.S.C. § 846
21 U.S.C. § 853 - Forfeiture

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

Beginning on a date unknown to the Grand Jury, but from at least as early as on or about September 2007, and continuing thereafter through on or about December 30, 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**CARL ANTHONY COOPER**
**RAMIRO TREVINO, JR.**

the defendants herein, did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and with other persons both known and unknown to the Grand Jury, to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a controlled substance listed in Schedule II of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(ii), the amount of cocaine hydrochloride charged herein was 500 grams or more.

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE

1.      The allegations contained in Counts One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2.      For their engagement in the violations alleged in Count One of this Indictment, said violations punishable by imprisonment for more than one year,

### CARL ANTHONY COOPER
### RAMIRO TREVINO, JR.

the defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any and all right, title, and interest they may have in:

     a.      Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and

     b.      Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

3.      If any of the property described above, as a result of any act or omission of the defendants:

     a.      cannot be located upon the exercise of due diligence;

     b.      has been transferred or sold to, or deposited with, a third party;

     c.      has been placed beyond the jurisdiction of the Court;

     d.      has been substantially diminished in value; or

2

   e.  has been commingled with other property, which
       cannot be divided without difficulty.

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p).

           A TRUE BILL,

           Foreperson

ROBERT E. O'NEILL
United States Attorney

By:

 Daniel W. Eckhart
 Assistant United States Attorney

By:

 Roger B. Handberg
 Assistant United States Attorney
 Chief, Orlando Division

3

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

CARL ANTHONY COOPER
RAMIRO TREVINO, JR.

## INDICTMENT

Violations:

21 U.S.C. § 846

A true bill,

_____
Foreperson

Filed in open court this 27th day

of August, A.D. 2008.

_____
Clerk

Bail $_____

N:\_Criminal Cases\H\Cooper, Carl_2008R00132_DW\EV_indictment_Forms.wpd

Revised 05/03/2007

GPO 863 525